**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Atlantic Industries Corporation,   )   | CV 05-3198-PHX-DGC |
| Plaintiff,   ) | **ORDER** |
| vs.   ) | |
| Compass Bank, an Alabama Corporation)   | |
| Defendant.   ) | |

Plaintiff, a Delaware corporation, sued Defendant, an Alabama corporation, in Arizona state court. Plaintiff's First Amended Complaint alleged that Defendant had converted funds from Plaintiff's bank account and asserted claims for conversion, negligence, and breach of fiduciary duty. Defendant removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Doc. #1.

Defendant now moves to dismiss Plaintiff's First Amended Complaint because (1) Plaintiff alleges it is doing business in Arizona, (2) Plaintiff is not officially authorized to do business in Arizona, and (3) Plaintiff therefore is barred by A.R.S. § 10-1502(A) from asserting this action. The cited statute provides that "[a] foreign corporation transacting business in this state without a grant of authority shall not be permitted to maintain a proceeding in any court in this state until it is authorized to transact business." A.R.S. § 10-1502(A).

1  In response, Plaintiff has filed a "Notice of Errata" that seeks to change the language of the complaint from "plaintiff is a corporation doing business in Maricopa County" to "plaintiff is a corporation which holds a bank account in Maricopa County." Doc. #7. Alternatively, Plaintiff seeks leave to amend its First Amended Complaint to make this allegation. Defendant opposes the amendment, arguing that it would be factually incorrect and therefore futile.

For several reasons, the Court concludes that it cannot grant Defendant's motion to dismiss.

First, Defendant has filed its motion under Federal Rule of Civil Procedure 12(b)(1), which permits a motion to dismiss for lack of subject matter jurisdiction. As noted above, however, this Court's subject matter jurisdiction is based on diversity of citizenship, a jurisdictional basis Defendant itself asserted when it removed the action to this Court. *See* Doc. #1. The Arizona statute relied on by Defendant, § 10-1502(A), does not alter the fact that the parties are diverse and satisfy the amount in controversy required by 28 U.S.C. § 1332. Thus, the Arizona statute does not appear to alter the diversity basis for the Court's subject matter jurisdiction. Defendant never explains how the Arizona statute deprives this Court of jurisdiction under § 1332.

Defendant cites two Ninth Circuit cases to support its position, *Pepper & Tanner, Inc. v. Shamrock Broad., Inc.*, 563 F.2d 391 (9th Cir. 1977) and *Worchester Felt Pad Corp. v. Tucson Airport Auth.*, 322 F.2d 44 (9th Cir. 1956). But neither of these cases held that the Arizona statute divests a federal court of subject matter jurisdiction. Rather, both concern the question of whether an action taken within the state – a contract in one case and a lease in the other – could be deemed valid if one of the parties was not lawfully authorized to conduct business in the state. This, of course, is a far different question from the existence of federal jurisdiction. Defendant cites no additional authority for the proposition that a state "doing business" statute deprives a federal court of diversity jurisdiction.

1  Second, the parties have not addressed the constitutionality of the Arizona statute,
2 and this Court will not undertake the research into that question on its own. The Court
3 notes, however, that the constitutionality of such statutes may be in question. *See*
4 *Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S. 20 (1974).

5  Third, the parties disagree on the extent of Plaintiff's business activities in Arizona.
6 Although Defendant asserted in its motion that Plaintiff was in fact conducting business
7 in Arizona and Plaintiff did little more than deny this fact in its response, Defendant
8 supports its assertion only with a one-page printout that purports to be from Plaintiff's
9 Internet site. Defendant has provided no affidavit or other admissible evidence to
10 establish the nature of Plaintiff's business activities in Arizona. Given this deficiency of
11 evidence, the Court cannot conclude that Plaintiff is in fact transacting business in Arizona
12 and that any amendment of its complaint would therefore be futile.

13  As noted above, Plaintiff seeks to amend its complaint under Rule 15(a) of the
14 Federal Rules of Civil Procedure. Because Defendant has not provided sufficient facts for
15 the Court to conclude that such an amendment would be futile, and because amendments
16 under Rule 15(a) are to be freely granted, the Court will permit Plaintiff to amend its
17 complaint. Plaintiff shall file a Second Amended Complaint within 20 days of the issuance
18 of this order changing Paragraph 1 of the First Amended Complaint. No other amendment
19 is authorized.

20  Defendant's motion to dismiss will be denied without prejudice. Defendant may
21 raise this issue again in a properly supported motion for summary judgment or other
22 motion, but in doing so should address the three issues set forth above.

23  **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is **denied**.
24 The Court will schedule a Case Management Conference by separate Order.

25  DATED this 19th day of December, 2005.

David G. Campbell
United States District Judge